[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13490
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20805-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR ALVAREZ-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 15, 2019)

Before WILLIAM PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Julio Cesar Alvarez-Martinez appeals his convictions, following a jury trial,

for conspiracy to possess with intent to distribute five or more kilograms of

cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70506(b), and possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, *id.* § 70503(a)(1). He contends that the district court abused its discretion by refusing to give the jury his proposed theory of defense instruction. We affirm.

In August 2017, while on routine patrol in the eastern Pacific Ocean, a marine patrol aircraft detected a go-fast vessel in international waters approximately 300 nautical miles southwest of Guatemala and the border of El Salvador. The United States Coast Guard deployed a vessel and a helicopter to intercept the go-fast vessel, which refused to stop. The Coast Guard fired warning shots and eventually disabled the go-fast vessel by firing shots at its engines. Guardsmen boarded the go-fast vessel and identified Alvarez-Martinez as the captain of the vessel on board with four other individuals. The Guardsmen recovered 647 kilograms of cocaine on the deck of the go-fast vessel.

A grand jury charged Alvarez-Martinez with conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70506(b), and possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, *id.* § 70503(a)(1). Alvarez-Martinez pleaded not guilty and proceeded to trial.

Before trial, Alvarez-Martinez proposed a jury instruction that read as follows:

> To convict the defendant in both counts, the government must prove beyond a reasonable doubt that the defendant intended to distribute the cocaine to another person.
>
> However, the defense here is that the defendant intended to turn over the cocaine to the Guatemalan Navy or other Guatemalan authorities. Distributing cocaine to government authorities is lawful and does not constitute the "intent to distribute." So, if the Government has not proven beyond a reasonable doubt that the defendant didn't intend to distribute the cocaine to the Guatemalan authorities, the offenses are not proven and you should find the defendant Not Guilty.

At trial, Alvarez-Martinez testified in his own defense. He testified that he was aboard the go-fast vessel fishing. Before traveling on the high seas, he had obtained fishing permits at a Guatemalan Naval Base. While fishing, he encountered a boat with three men who informed him that they had run out of fuel, food, and water and that they were heading to a port in Mexico. Alvarez-Martinez testified that the three men boarded his boat. He testified that he agreed to allow the men to bring cocaine on his boat because the men wanted to travel to the naval base and deliver the drugs to the authorities. He stated that at no time did he agree to deliver the cocaine to someone other than the authorities.

Near the end of trial, the district court discussed with counsel the final instructions for the jury. The district court began by stating that it did not believe that Alvarez-Martinez's proposed instruction was the law and suggested the

3

following instruction: "The defendant's theory of defense is that the defendant intended to turn the cocaine over to the Guatemalan Navy or other Guatemalan authorities and did not intend to distribute the cocaine to other third parties." The government stated that it believed that the district court's proposed instruction went beyond what the law allowed, but that it would agree to the instruction. Alvarez-Martinez argued that the modified instruction "d[id] not tell the jury that if they believe[d] or if they ha[d] a doubt in that theory, they should find him not guilty." The district court stated that instructing the jury that his defense was that he intended to deliver the cocaine to the authorities was sufficient.

The district court instructed the jury that they must decide whether the government proved the facts necessary to find the defendant guilty beyond a reasonable doubt. It explained that the government's burden was heavy. The district court instructed the jury on the elements of the charged offenses and informed the jury that "to possess with intent to distribute means to knowingly have something while intending to deliver or transfer it to someone else, even with no financial interest in the transaction." The district court instructed the jury that the government must prove each element of each charged count beyond a reasonable doubt and that Alvarez-Martinez's theory of defense was that he "intended to turn over the cocaine to the Guatemalan authorities and did not intend to distribute the cocaine to any other third parties." After the district court

4

instructed the jury, Alvarez-Martinez renewed his objection to the refusal to give his proposed instruction. The jury found Alvarez-Martinez guilty as charged.

We review the refusal to give a requested jury instruction for an abuse of discretion. *United States v. Tokars,* 95 F.3d 1520, 1531 (11th Cir. 1996). "Such a refusal is reversible error only if the requested instruction (1) was a correct statement of the law; (2) was not adequately covered in the instructions given to the jury; (3) concerned an issue so substantive that its omission impaired the accused's ability to present a defense; and (4) dealt with an issue properly before the jury." *United States v. Votrobek*, 847 F.3d 1335, 1344 (11th Cir. 2017) (quotation omitted).

The district court did not abuse its discretion by giving a modified version of Alvarez-Martinez's proposed theory of defense instruction. The instructions given to the jury adequately covered the portion that Alvarez-Martinez contends that the district court erroneously omitted. And omitting the contested portion of his proposed theory of defense instruction did not impair his ability to present his defense, as he testified about it.

**AFFIRMED**.